UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-151 (HHK) |
| | : | |
| | : | Motions: December 1, 2006 |
| KEVIN EATON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

UNITED STATES' MOTION FOR LEAVE TO
INTRODUCE EVIDENCE OF DEFENDANT'S OTHER CRIMES

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, pursuant to Rule 404 of the Federal Rules of Evidence, respectfully moves the

Court to for leave to admit evidence of other crimes committed by the defendant.  In support of this

motion, the United States would show the following:

FACTUAL BACKGROUND

Incident on August 2, 2001

1.  At approximately 3:08 a.m. on August 2, 2001, two officers with the Metropolitan Police

Department were in the 3800 block of 9th Street, S.E., Washington, D.C.  The police had responded

to that area because of complaints from citizens that juveniles were creating a disturbance by riding

on dirt bikes.

2.  Upon arriving at the scene, the officers observed the defendant – who was later identified

as Kevin Eaton – riding on a motorcycle with displaying the proper tags.  The police followed the

defendant to the intersection of 9th and Xenia where the defendant failed to obey a stop sign.

3.  The defendant attempted to drive into an alleyway.  However, the defendant lost control

and crashed.  The officers exited their vehicle and stopped the defendant.  The police examined the

motorcycle and determined that it was unregistered, and the defendant advised the police that he did

not have a permit to operate a motorcycle.  The defendant was then placed under arrest.

4.  In a search incident to that arrest, the police recovered a loaded .32 caliber Smith and

Wesson from the defendant's right front pants pocket.

**Incident on May 4, 2006**

5.  A couple of minutes past midnight on May 4, 2006, two officers with the Metropolitan

Police Department entered the parking lot at 828 Barnaby Street, S.E., Washington, D.C.  Although

they were driving an unmarked vehicle, they were in full uniform.  The parking lot was known to

the officers to be a high narcotics trafficking area.

6. As they were driving through the parking lot, the officers observed the defendant leaning

on the hood of a white Cadillac Deville.  The defendant was holding an open container of alcohol.

The police in front of the defendant, exited, and started to approach the defendant.  As the officers

approached, the defendant attempted to get in his vehicle.  However, the officers were able to stop

the defendant before he got completely into the vehicle.  The defendant was stopped for possessing

an open container of alcohol.

7.  The police observed a 9mm Beretta handgun in the map pocket of the driver's door.  The

gun was loaded with 16 rounds of ammunition.  When the defendant observed the police remove the

handgun from the vehicle, the defendant spontaneously stated "I'm gonna beat this in court."  The

gun later was determined to be operable.

8.  It is this incident on May 4, 2006 upon which the indictment in the instant case arises.

Here, the defendant is charged with a single count of Unlawful Possession of a Firearm and

Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g). In prosecuting the defendant

for violating 18 U.S.C. § 922(g), the United States must prove, <u>inter alia</u>, that the defendant

"knowingly" possessed a firearm. The proposed evidence regarding the incident on August 2, 2001,

is material to state of the defendant's knowledge on May 4, 2006.

## ARGUMENT

9. The Court should grant the United States' motion for leave to introduce evidence of the

defendant's other crimes, <u>i.e.</u>, the crime committed on August 2, 2001, because it is relevant to the

defendant's knowledge regarding the 9mm handgun found in the defendant's vehicle on May 4,

2006. This evidence is not being offered for an improper purpose such as criminal propensity, but

rather to establish knowledge.

**Applicable Legal Standards**

10. The Court's determination about whether to admit evidence of the defendant's criminal

act in 2001 is subject to an abuse of discretion standard of review by the appellate court. <u>United

States v. Pindell</u>, 336 F.3d 1049, 1056-57 (D.C. Cir. 2003); <u>United States v. Springs</u>, 936 F.2d 1330,

1331 (D.C. Cir. 1991).

11. The appellate court has recently reaffirmed that the issue of admitting evidence of prior

crimes is governed by Rule 404(b) of the Federal Rules of Evidence. <u>United States v. Linares</u>, 367

F.3d 941, 946 (D.C. Cir. 2004). Rule 404(b) of the Federal Rules of Evidence provides, in pertinent

part, that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove
> the character of a person . . . .  It may, however, be admissible for
> other purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of mistake or
> accident . . . .

Cf. Linares, supra, 367 F.3d at 946. Evidence of the defendant's prior crime should be admitted here because it is relevant to the issue of the defendant's knowledge about the 9mm handgun in the vehicle. Further, it is relevant to whether the defendant possessed the 9mm by mistake or accident.

12. The court engages in a two-part analysis to determine admissibility in the Rule 404(b) context. First, the Court will consider whether the evidence is probative of some material issue in the case other than character. United States v. Price, 895 F.2d 1431, 1435 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990). Second, if the Court finds that the evidence is relevant, the Court may exclude the evidence only if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 1993), cert. denied, 540 U.S. 1075 (2003). Applying this test to the instant case illustrates that evidence of the 2001 incident should be admissible to establish that the defendant knowingly possessed the 9mm handgun.

**Probative Value**

13. Here, the evidence regarding the incident of August 2, 2001, is not being offered to establish any criminal propensity of the defendant. Rather, it is being offered to support the United States' argument that he knowingly and constructively possessed the 9mm handgun found in the vehicle on May 4, 2006. It also refutes the notion that it was an accident or mistake that he happened to be operating a vehicle with a 9mm handgun stowed in the map pocket of the driver's side door.

14. In Linares, the court began its analysis by noting that the Rule 404(b) is a rule "'of inclusion rather than exclusion.'" 367 F.3d at 946 (citation omitted). However, the court went on to hold in that case that evidence of the defendant's prior conviction for illegally possessing a pistol should not have been admitted because the testimony had already conclusively established that the defendant in Linares had the gun in his actual possession. Put differently, the evidence of the

defendant's possession of the firearm was not really an issue in the case. 367 F.3d at 946. The court reasoned that the prior conviction was not evidence, therefore, that made it any more or any less probable that the defendant "knowingly" possessed the firearm. Id. In contrast, in this case, the 9mm handgun was found in the defendant's vehicle after he was arrested for possessing an open container of alcohol in public. Thus, the United States will have to prove that the defendant knowingly and constructively possessed that gun. Under the Linares analysis, therefore, evidence of the defendant's crime in 2001 is probative of his knowledge and is properly admitted.

15. The evidence surrounding the defendant's prior conviction for unlawfully possessing a firearm supports the United States' argument that the defendant knowingly and constructively possessed the weapon at issue here. In August of 2001, the defendant was found to be in possession of a handgun while joyriding on a motorcycle in the early morning hours. Here, the police found a handgun stowed in the map pocket of the driver's vehicle in the early morning hours after he was leaning on the vehicle drinking alcohol. The similarity of the circumstances surrounding the offenses makes it more probable that the defendant's possession was knowingly. In sum, in contrast to the facts in Linares, there are two facts from the 2001 incident that should be admitted on the issue of whether the defendant "knowingly" possessed the firearm: (1) the defendant has possessed a firearm on a previous occasion, and (2) he possessed it under similar set of circumstances.

16. In addition to being directly relevant to the issue of the defendant's knowledge, this very same evidence should be admitted because it tends to disprove the argument that the defendant mistakenly or accidentally possessed the firearm. The court in Linares went on to point out that in cases of constructive possession evidence of a prior crime can be used to prove that it was knowing and not by accident or mistake. 367 F.3d at 949-951. In short, because the case before this Court

requires the United States to prove beyond a reasonable doubt that the defendant possessed the Beretta found in the vehicle, the evidence of the defendant's prior crime makes it more probable that it was the defendant who possessed the firearm.

**Potential Prejudice**

17.  The potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value.  In August of 2001, the defendant was in possession of a handgun while riding around the streets of the District of Columbia illegally, and that he attempted to flee when the police were in the process of apprehending him.  These facts are highly probative of the issue of whether he knowingly and constructively possessed the handgun found in the vehicle that he was operating on May 4, 2006.  The record will show that the defendant was drinking and driving, and that he attempted to get away when he was first approached.  The similarity of the offenses does not militate in favor of exclusion.  Indeed, the similarity of the offense weighs in favor of admitting the evidence.  United States v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.), cert. denied, 469 U.S. (1984); United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994)(finding similarity between acts warranted admission of 404(b) evidence).  Therefore, there is nothing in the record to even remotely suggest that the probative value of the 2001 prior crime is substantially outweighed by any alleged potential prejudice.

## **CONCLUSION**

The government intends to introduce evidence of the defendant's prior crime to establish that

the defendant knowingly and constructively possessed the 9mm handgun on May 4, 2006.  The

proffered evidence is relevant to the defendant's knowledge.  For all of the foregoing reasons, the

United States respectfully requests that its motion to introduce other crimes be granted.

Respectfully,

KENNETH L. WAINSTEIN
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010