UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Cr. No. 06-151 (HHK) |
| | : |
| KEVIN EATON. | : |

**MOTION TO SUPPRESS STATEMENTS AND PHYSICAL EVIDENCE AND
INCORPORATED MEMORANDUM IN SUPPORT THEREOF
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Kevin Eaton, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth and Fifth amendments to the United States Constitution, to suppress at trial all evidence seized by law enforcement agents as the fruit of his illegal stop, search, and arrest, and all statements allegedly made by Mr. Eaton after his arrest.  This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.  An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**[1]

On May 4, 2006, the Defendant was stopped by Metropolitan Police Department officer Lytle while standing in the 800 block of Barnaby Street, S.E.  According to officer Lytle, the Defendant was stopped because the Defendant was holding a plastic cup containing alcohol. Officer Lytle approached the Defendant and detained him. At the time of the stop, the Defendant was standing next to a row of cars. Officer Lytle arrested the Defendant for Possession of an Open Container of Alcohol and then proceeded to search a car in the vicinity where the

---

[1] This statement of facts is a summary based on the P.D. 163 police report, and other information provided by the government to the Defendant during discovery.  By including in this motion the facts as alleged by government , the Defendant does not in any way concede that these facts are accurate or true.

Defendant had been arrested. During the search, Officer Lytle allegedly recovered a hand gun in the driver's door map pocket. While the gun was being removed from the car, the Defendant allegedly stated, "I'm gonna beat that in court." And, after transporting the Defendant to the police station, the police obtained a video taped statement from the Defendant.

## SUMMARY OF ARGUMENT

Because the Officer Lytle did not have reasonable articulable suspicion to detain the Defendant, all fruits of the illegal detention must be suppressed including all physical evidence allegedly recovered from the Defendant. Moreover, even if Officer Lytle had reasonable articulable suspicion to detain the Defendant, there was no legal basis to search the automobile. Finally, even if the Court finds the police conduct permissible pursuant to the Fourth Amendment, any statements obtained from the Defendant were obtained in violation of his Miranda rights and were not voluntary, and therefore must be suppressed on Fifth Amendment grounds.

## ARGUMENT

### I. ALL EVIDENCE SEIZED FROM THE DEFENDANT MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL

A warrantless arrest of an individual is unconstitutional unless the government establishes that the arrest was supported by probable cause. Hayes v. Florida, 470 U.S. 811 (1985); Royer, 460 U.S. at 500; United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a

criminal offense has been or is being committed." Halliman, 923 F.2d at 881 (citing Green, 670 F.2d at 1152).  A seizure exists when a reasonable person in the defendant's position would not feel free to leave.  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  Though not all seizures rise to the level of a full-blown arrest, police officers must nevertheless have a reasonable, articulable suspicion to justify even a more limited investigatory stop.  See Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

    Here, the government cannot adduce sufficient sworn testimony at a hearing to demonstrate that the officers had reasonable suspicion to stop the Defendant.  By detaining the Defendant in the 800 block of Barnaby Street the Officer Lytle executed a stop of the Defendant.  Yet, at the hearing, the government will be unable to provide articulable facts giving Officer Lylte reasonable suspicion to conduct the stop of the Defendant.  As a result, any evidence seized and any statements made subsequent to and as a result of the stop must be suppressed as fruits of the poisonous tree.  Wong Sun v. United States, 371 U.S. at 471, 484-85 (1963).

## II.  THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE ARREST OF THE DEFENDANT

    As discussed above, the Defendant asserts that his warrantless stop, search and seizure violated the Fourth Amendment.  In such cases, the government has the burden of showing probable cause for a warrantless arrest.  Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized the Defendant

justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). An evidentiary hearing will show that there was no legal basis to stop the Defendant. The government does not allege any reason for the stop of the Defendant other than the Defendant allegedly holding a cup containing alcohol. That allegation not being supported by the evidence to be adduced at a hearing on this matter, the stop of the Defendant and all that flowed therefrom was improper. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances, the Defendant requests that any evidence seized or obtained as a result of the search of his car be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963) (concerning suppression of evidence derived from initial improper police conduct).

**ALL STATEMENTS MADE BY THE DEFENDANT MUST BE SUPPRESSES BECAUSE THEY WERE MADE INVOLUNTARILY AND IN VIOLATION OF MIRANDA**

A.     The Defendant's Statements Were Involuntary

The Government has alleged that the Defendant made two statements to law enforcement authorities after his arrest. Before introducing these statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider

the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the Defendant's free will in relation to his capacity to resist those efforts.  Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607.  The Court must examine the Defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will.  Blackburn v. Alabama, 361 U.S. 199, 208 (1980).  Here, the evidence at a hearing will show that any statements made by the Defendant were made involuntarily and thus must be suppressed under the Fifth Amendment.

B.     The Defendant's Statements were Made in Violation of Miranda

Even if the statements were made voluntarily, Miranda requires suppression of the Defendant's statements during the government's case-in-chief because the Defendant was not adequately apprized of his right against self-incrimination prior to undergoing custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990).  A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966).  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part

of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In the present case, the facts and circumstances surrounding the arrest and interrogation of the Defendant do not support a finding either (1) that the Defendant was adequately apprized of his Miranda rights, or (2) that any alleged waiver of his Miranda rights was a knowing, voluntary, and intelligent one. Thus, all statements must be suppressed, as well as any evidence seized as a result of those statements.

WHEREFORE, for the foregoing reasons, and for any which may become apparent at a hearing on this motion, it is urged that this Court grant this Motion to Suppress.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
DAVID W. BOS.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I, David W. Bos., Assistant Federal Public Defender, hereby certify that a copy of the motion has been served upon Michael Truscott, Esquire, Assistant United States Attorney.

/s/
_____
DAVID W. BOS
Assistant Federal Public Defender

**DATE:**

Case 1:06-cr-00151-HHK    Document 9    Filed 08/25/2006    Page 7 of 7