UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-151 |
| : | |
| : | Sentencing: April 6, 2007 |
| KEVIN EATON, : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

A. <u>Factual Summary of Offense</u>

1. On May 4, 2006, two officers with the Metropolitan Police Department, John Knutsen and Alvin Lytle, entered the parking lot at 828 Barnaby Street, S.E., Washington, D.C. Although they were driving an unmarked vehicle, they were in full uniform. The parking lot was known to the officers to be a high narcotics trafficking area.

2. As they were driving through the parking lot, the officers observed the defendant leaning on the hood of a white Cadillac Deville. The defendant appeared to be holding an open container of alcohol.

3. The police stopped their vehicle in front of the defendant, exited, and started to approach the defendant. As the officers approached, the defendant attempted to get in his vehicle. In doing so, the defendant opened the front driver's side door. However, Officer Lytle was able to stop the

-1-

defendant before he got completely into the vehicle for possessing an open container of alcohol.

4. At this point, Officer Lytle observed a 9mm Beretta handgun in the map pocket of the driver's door. When the defendant observed the police remove the handgun from the vehicle, the defendant spontaneously stated "I'm gonna beat this in court."

5. The gun later was determined to be operable and contain 16 rounds of ammunition.

6. After the defendant was transported to the police station, the defendant was advised on his rights by Detective Anthony Greene of the Metropolitan Police Department and the defendant gave a videotaped statement during which the defendant stated, among other things, that he was in the parking lot drinking alcohol, that the vehicle belonged to him, and that he observed Officer Lytle remove the handgun from the map pocket of the defendant's vehicle.

B. <u>Procedural Background</u>

7. The defendant initially rejected the United States' plea offer and the parties prepared to litigate the defendant's motion to suppress. On December 11, 2006, the defendant had a changed of heart and indicated that he wished to accept the government's plea offer. However, on January 10, 2007, which was the date scheduled by the Court for the plea hearing, the defendant opted not to accept the United States' plea offer and simply pled guilty to the indictment. Accordingly, the defendant pled guilty to a single count of unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

## **Memorandum in Aid of Sentencing**

8. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a

Crime Punishable by Imprisonment for a Term Exceeding One Year. The PSR mistakenly includes an adjustment for acceptance of responsibility. However, as mentioned above, the defendant ultimately rejected the government's offer and simply pled to the indictment. After re-adjusting the base offense for acceptance of responsibility, the defendant's base offense level is 20, and not 17 mentioned in the PSR. The defendant has a criminal history score of 2 and, thus, falls under Category II of the sentencing guidelines. Thus, the defendant guideline range is 37 to 46 months. The United States recommends that the defendant be sentenced to a 37 period of incarceration.

9. According to the PSR, the defendant's criminal record goes back nearly seven years. The defendant has a previous conviction for carrying a pistol without a license in 2001-FEL-4816 and distribution of cocaine. Although the defendant was originally sentenced under the Youth Offender Rehabilitation Act, the defendant was unable to complete the probation successfully. The defendant has also been arrested on five other occasions. On one of those occasions, the defendant was arrested for possessing a firearm in the state of Maryland. However, that case was dismissed by the state. Nonetheless, defendant now stands before the Court to be sentenced for his third conviction. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

10. It is important for this Court to note the circumstances under which the defendant was arrested. The defendant's Maryland gun charge was dismissed, according to the PSR, on September 19, 2005.[1] Eight months later, the defendant is found in a parking lot drinking and in possession of

---

[1] The United States raises the defendant's Maryland gun charge not suggest that he was guilty of that charge. Rather, the United States' point is that the instant offense occurred at a time in the defendant's life when he should have been sensitized to the criminality of possessing a gun. Indeed, in addition to his actual previous conviction for possessing a gun, the defendant had recently been re-arrested on a gun.

a gun. Moreover, when confronted by the police, the defendant attempts to flee or at least get into the vehicle with the gun. Fortunately, the defendant was stopped before he was able to get into the vehicle and a dangerous situation was avoided.

10. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As mentioned above, the defendant has a prior gun conviction, as well as a drug conviction. Here, the defendant was arrested for possessing yet another gun. Moreover, the defendant attempted to flee from the police in his vehicle after consuming alcohol. This record demonstrates not only a commitment to criminal behavior on the part of the defendant, but it also reflects a terrifying willingness to combine some of the most significant dangers to our community: guns and driving under the influence.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: It is worth noting that this case nearly resulted in the police officers having to place themselves in harm's way. If the defendant had succeeded in his attempted to get into a car with a loaded gun and flee the scene after drinking, the police and the community may have been faced with a very dangerous situation.

(c). Potential deterrence: A sentence of thirty-seven months would demonstrate to the defendant, as well as others, that there are significant consequences to possessing firearms. The defendant's record suggests that he need strong reason not to engage in this behavior.

(d). Protecting the public: The record amply demonstrates the need to protect the public from

the defendant's criminal behavior. Indeed, this is the defendant's third conviction and second gun conviction in a little less than six years.

(e). The needs of the rehabilitative needs of the defendant: There are none. The defendant is a well-educated individual who stands before the Court with employment skills. The PSR also reflects that the defendant comes from a solid family. Nonetheless, the defendant is committed to engaging in criminal behavior. The reason is simple. The defendant chooses to engage in this behavior.

    Respectfully,
JEFFREY A. TAYLOR
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010