IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 06-151 (HHK) |
| ) | |
| KEVIN EATON, ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Kevin Eaton, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of United States v. Booker, Mr. Eaton respectfully requests that the Court sentence Mr. Eaton to a period of probation with a condition that Mr. Eaton spend the first six months of probation on home detention. In support of this request, counsel states:

1. Mr. Eaton appears before the Court after having pled guilty to the instant indictment charging him with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g).

2. Mr. Eaton has two prior convictions both of which occurred nearly seven years ago, when Mr. Eaton was just 18 years old. Mr. Eaton was placed on probation for four years in each case. Two years later, both cases were closed.

3. Mr. Eaton has been under the supervision of the Pre-trial Services Agency since May 4, 2006. According to the Pre-trial Services Agency, Mr. Eaton is in compliance with his conditions of release, reporting weekly in-person and participating in the High Intensity Supervision Program.

4. Mr. Eaton is the father of two twin daughters who were born two months after his arrest in this case. He supports his children by working for the Local 657 labor union of Washington, DC.

Prior to joining Local 657, Mr. Eaton was employed with Construction Labor Contractors (CLC) of Chantilly, Virginia. Mr. Eaton's supervisor at CLC describes Mr. Eaton as a "positive" employee.

As the accompanying DVD illustrates, Mr. Eaton comes from a very supportive family, and the instant case, coupled with the birth of his daughters, has had a life-transforming effect on Mr. Eaton.

5. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of United States v. Booker, Mr. Eaton urges the Court to impose a sentence of probation in this case with a condition that Mr. Eaton spend the first six months of probation on home detention.

**DISCUSSION**

**I.    SENTENCING FRAMEWORK POST BOOKER**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, __ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Among the matters that §3553(a) requires the sentencing judge to consider are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing

factors.

  Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

  Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

  Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

  Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

  Section 3582 of Title 18 states that

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term

of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. As long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion. This is one such case.

Advisory Guideline Range

A. Adjusted Offense Level

The Probation Department, using the 2006 edition of the Sentencing Guidelines Manual, has concluded that the Adjusted Offense Level in Mr. Eaton' case is 20. With a three level reduction for Acceptance of Responsibility, Mr. Eaton' Total Offense Level is 17. Mr. Eaton does not dispute this calculation.

B. Criminal History Computation

The Probation Department has concluded that based on his two prior convictions, both of which resulted in probationary sentences, Mr. Eaton' Criminal History Category is II. The Probation Department has assessed 1 point for each probationary sentence. Mr. Eaton does not dispute this calculation.

C. Potential Departure Considerations Under the Advisory Guidelines

Imposition of Sentence

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should

consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

1. Nature of the Offense

While the possession of a weapon after having previously been convicted of a felony offense cannot be classified as a non-serious offense, it has not been classified as a crime of violence under either the guidelines or the United States Code. Moreover, there is no evidence that Mr. Eaton ever brandished the weapon. Instead, Mr. Eaton obtained the weapon for self protection.

18 U.S.C. §922(g) provides for a sentence of up to 10 years in prison. Individuals convicted pursuant to the statute, however, may also receive probationary sentences. Similarly, the applicable advisory sentencing guideline envisions that some defendants convicted under the statute will be eligible for a probationary sentence. See U.S.S.G. 2K2.1(b)(2). Therefore, while the nature of the offense is indeed serious, both the Code and the Guidelines envision that some

individuals receive probationary sentences.

2. Character of the Defendant

Mr. Eaton has two prior convictions for which he received probationary sentences. Mr. Eaton has been in compliance with his conditions of release, reporting weekly in person to the Pre-Trial Services Agency and participating in the High Intensive Supervision Program since the inception of this case. Mr. Eaton is a dedicated father who supports his children and his long term fiancee, Jakeisha Aull.

As the attached DVD demonstrates, Mr. Eaton has an extraordinary support network, including his fiancee, mother, father, step-mother, aunt, grandmother and others. Each member of this support network has noticed a life-transforming change in Mr. Eaton since the birth of his daughters. Perhaps Mr. Eaton's grandmother, Earnestine Queen says it best when she observes, she "no longer worries about her grandson."

3.Range of Sentences Available

As noted above, both the guidelines and the Code envision that individuals convicted of offenses to which Mr. Eaton has pled guilty may be sentenced to a period of probation or up to 10 years in prison. The Court is therefore authorized to impose any sentence within this range.

4. Need to Provide Restitution to the Victims

Restitution is not an issue in this case.

## Conclusion

A probationary sentence will meet the needs of the public in this case. Mr. Eaton has clearly demonstrated that he can successfully comply with court directives. He has two prior probationary periods which he successfully completed. Mr. Eaton has also remained in

compliance with his conditions of release in this case. A sentence of imprisonment would seriously disrupt Mr. Eaton's' ability to continue to provide for his children and jeopardize his employment at a job he has held for five years. Any "debt owed to society" may be satisfied by a probationary sentence with a condition that Mr. Eaton spend six months on home detention.

For the forgoing reasons, I urge the Court to sentence Mr. Eaton to a period of probation in this case with a condition that Mr. Eaton spend six months on home detention.

                                      Respectfully submitted,

                                      A.J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                      /s/
                                      David W. Bos
                                      Assistant Federal Public Defender
                                      625 Indiana Avenue, N.W., Suite 550
                                      Washington, DC  20004
                                      (202) 208-7500